Judge Owsley
delivered the Opinion of the Court.
Gwathmey, together with James Hunter,- his surety, executed a joint bond to Gate-wood, for the payment of seven hundred and sixty dollars. Upon this bond, Gatewood brought a joint action against Gwathmey and Hunter, and the action was thereafter abated as to Gwathmey by the sheriff’s return..
Hunter then, in defence to the action, pleadfed and relied upon the statute against usury. On the trial of the issue made up to that plea, Hunter offered in evidence, the deposition of Gwathmey for the purpose of proving the usury alleged in his plea, but the deposition was objected to by Gatewood, on the ground that Gwathmey was interested in the event of the suit, and it was rejected by the court.
The question for our determination is, was the court correct in rejecting the deposition?
In responding to this question, it is not necessary that we should enter into a nice and critical calculation as to the amount of interest which Gwathmey may be understood to have in the matter in contest; all that is necessary, is to ascertain whether or not his interest in the event of the suit, preponderates on the side of Iluntfer, by whom his deposition was offered in evidence. The competency of testimony is not governed by the amount of interest; immaterial *269 iiow small tbe interest may be, if the witness has a greater interest on the side of the party by whom he is called., than he has against him, in judgment of law, he is incompetent and his evidence should not be allowed to go to the jury:
Principal obligor is not a competent witness for surety in action against surety.
Case in the supreme court.
Crittenden, for appellant; Grayson, for appellee.
Tested by this rule the deposition of Gwathmey was clearly inadmissible. We attach no importance to the liability which Gwathmey may be under to Hunter for the amount of the bond, because he stands liable for that amount to Gatewood also; só that, as respects the principal sum and interest, Gwathmey may be said to be equally interested on both sides. Eut there is dependant upon the e vent of the suit, the costs to which the successful party will be entitled, so that by a recovery against Hunter, the liabilaty of Gwathmey, to him will be necessarily increased the amount of the costs; whereas; should Hunter succeed, Gatewood would have no legal claim upon Gwathmey, for any costs Which he may have incurred in the prosecution of the suit. To the amount of the costs of suit, therefore, the interest of Gwathmey is greater on the side of Hunter, than it can be for Gatewood, and as such, he is not indifferent between the parties, but interested, and iiicompetent as <x witness for Hunter.
Accordingly it was decided by the supreme court ¡of the United States, in the case of Riddle vs. Moss, 7 Cranch, Rep. 206; .that the principal obligor in a bond, is not a competent witness for the surety, in an action upon the bond; the principal being liable to the surety for costs, in case the judgment should be against him.
The judgment must be affirmed with costs and damages.